# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1365 | **DATE** | 8/27/2003 |
| **CASE TITLE** | GEORGE DRWIEGA vs. INFRARED TESTING, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 10/22/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Infrared's motion to dismiss is denied. Defendant's answer to be filed on or before 9/10/03. Parties to exchange Rule 26 disclosures by 9/10/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 AUG 28 PM 6:27 | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE DRWIEGA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 1365 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| INFRARED TESTING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, George Drwiega, filed suit, *pro se*, against Defendant, Infrared Testing, Incorporated ("Infrared"), alleging age and national origin discrimination. Presently before the Court is Defendant's Motion to Dismiss for lack of proper service.

On February 24, 2003, Plaintiff filed suit. On April 23, 2003, a status hearing was held in this Court. At that time, Plaintiff had not yet attempted service upon the Defendants. On May 1, 2003, Plaintiff mailed a copy of the complaint and the summons to Infrared by Priority Mail through the United States Post Office. On May 15, 2003, Infrared moved to dismiss for lack of proper service. On June 26, 2003, a briefing schedule was put into place on Infrared's Motion to Dismiss.

Service on a corporation is valid when it complies with Federal Rules of Civil Procedure 4(h), which states that service shall be effected:

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process....

Fed. R. Civ. P. 4(h). Additionally, Rule 4(e)(1) allows service to be effected "pursuant to the law of the state in which the district is located...." Fed. R. Civ. P. 4(e)(1). Pursuant to Illinois law, service may be perfected on a private corporation "by leaving a copy of the process with its registered agent or any officer or agent found anywhere in the State...." 735 ILCS 5/2-204.

Furthermore, both the Federal Rules of Civil Procedure and Illinois law allow a plaintiff to have the defendant waive service. Fed. R. Civ. P. 4(d); 735 ILCS 5/2-213. Under both of these waiver provisions, the plaintiff is required to inform the defendant of the consequences of compliance and the failure to comply with the request and include an extra copy of the notice and request as well as prepaid means of compliance in writing. Fed. R. Civ. P. 4(d); 735 ILCS 5/2-213.

In the instant case, the Plaintiff mailed a copy of the complaint and the summons to Infrared. This service did not comply with Rule 4(h) or 735 ILCS 5/2-204 because Plaintiff has failed to demonstrate that a copy of the complaint and summons were served upon an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process. In addition, a mailing does not constitute "delivery" as required by Rule 4. *See Miles v. WTMX Radio Network*, 2002 WL 1359398 (N.D. Ill. June 20, 2002); *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 781 (N.D. Ill. 1998) (*Dunmars*).

Furthermore, Plaintiff did not perfect service in accordance with either Fed. R. Civ. P. 4(d) or 735 ILCS 5/2-213 because he failed to inform the defendant of the consequences of compliance and the failure to comply with the request and include an extra copy of the notice and request as well as prepaid means of compliance in writing.

Under Rule 4(m), service of the complaint and summons is to be made within 120 days after the filing of the complaint. In this case, Drwiega filed his complaint on February 24, 2003; the

120-day period expired as of June 24, 2003. If the 120-day time period is not met, the court "shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Furthermore, if the plaintiff cannot show good cause for the defect in service, the court still has discretion to direct that service be effected within a specified time. *See Panaras v. Liquid Carbonic Indus., Inc.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Drwiega does not attempt to show good cause for his failure to comply with Rule 4. Furthermore, Drwiega's *pro se* status, alone, does not establish good cause under Rule 4. *See Dunmars*, 22 F. Supp. 2d at 783.

While Drwiega has not established good cause to excuse his improper service, the Court finds that an extension of time to effect service is proper in the present case. Drwiega, acting *pro se*, attempted to properly serve Infrared in a timely manner and has timely pursued his claims. *See Garrett v. Miller*, 2003 WL 1790954 (N.D. Ill. April 1, 2003); *Miles v. WTMX Radio Network*, 2002 WL 1359398 (N.D. Ill. June 20, 2002) (both allowing extension of time to effect service in light of plaintiff's *pro se* status and timely attempt of service). Accordingly, Drwiega is given 30 days from this Order to properly serve Infrared or obtain from Infrared a written waiver of formal service of the summons and complaint.

For the foregoing reasons, Infrared's Motion to Dismiss is denied.

Dated: August 27, 2003

JOHN W. DARRAH
United States District Judge

3