# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1365 | **DATE** | 6/17/2004 |
| **CASE TITLE** | Drwiega vs. Infrared Testing, Inc. | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|

| | |
|---|---|
| | |

**DOCKET ENTRY:**

| (1)  | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2)  | ☐ | Brief in support of motion due _____. |
| (3)  | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4)  | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5)  | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6)  | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7)  | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8)  | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9)  | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Status hearing held and continued to 8/10/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss count II of Drwiega's amended complaint is denied. Enter Memorandum Opinion and Order. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 1 8 2004 | |
| | Docketing to mail notices. | | date docketed | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MF | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE DRWIEGA, | ) | |
| Plaintiff, | ) | No. 03 C 1365 |
| v. | ) | Judge John W. Darrah |
| INFRARED TESTING, INC., | ) | |
| Defendant. | ) | |

DOCKETED JUN 1 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, George Drweiga, filed suit, *pro se*, against Defendant, Infrared Testing, Inc. ("Infrared"). Subsequently, Plaintiff was appointed counsel and filed an Amended Complaint, alleging intentional national origin discrimination (Count I), intentional age discrimination (Count II), and that the Defendant violated §1140 of the Employee Retirement Income Security Act ("ERISA") by intentionally interfering with Plaintiff's rights to benefits (Count III). Presently before the Court is Infrared's Motion to Dismiss Count III of the Plaintiff's Amended Complaint for failure to state a cause of action for which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

## ALLEGED FACTS

A reading of the Amended Complaint supports the following summary of the alleged operative conduct of the parties.

Drwiega is a former employee of Infrared who held the position of thermographer. Drwiega's position is a potentially dangerous job due to the presence of high voltages of electricity.

Infrared promised Drwiega that he would be eligible for health insurance as an employee of Infrared. However, Infrared engaged in deceptions and irregularities designed to keep Drwiega from receiving his due benefits. Infrared failed to provide Drweiga with an employee handbook and a

letter to confirm his compensation and benefits. He was promised such information, but it was repeatedly denied to him even though he attempted to apply for health insurance on several occasions. Drwiega was told his requests had not been received, and Infrared engaged in subterfuges designed to lead Drwiega to believe he had applied. When corporate personnel gave Drwiega forms to fill out to receive the health insurance, he was later told that he had submitted the wrong materials. During this process, Drwiega worked for Infrared without insurance for several months. He was later able to obtain insurance, albeit at a higher price than he would have paid if he had been insured via Infrared's group coverage.

Drwiega alleges Infrared discriminated against him on the basis of his national origin and age by interfering with his right to the healthcare coverage that Infrared offered its employees. The denial of health insurance coverage, combined with Infrared's lulling Drwiega into believing he would receive coverage, forced Drwiega to leave his job on June 30, 2001.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill.*

*of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

Defendant argues that the Plaintiff's ERISA claim (Count III) should be dismissed because Drwiega failed to sufficiently plead he was constructively discharged.

Section 1140 of ERISA provides that it is unlawful for an employer to discriminate against any employee for obtaining benefits to which he is entitled. 29 U.S.C. § 1140. This prohibited discrimination includes claims of constructive discharge to prevent an employee from attaining a right protected by ERISA. *See Deeming v. American Standard, Inc.*, 905 F.3d 1124, 1128 (7th Cir. 1990).

In Count III, Drwiega alleges that Defendant's discriminatory conduct of preventing him from obtaining health insurance, in violation of Section 1140 of ERISA, led to his constructive discharge. While Defendant contends that Drwiega did not sufficiently plead the elements of a constructive discharge, Drwiega need not plead the elements of his cause of action and has sufficiently pled a violation of Section 1140 of ERISA. *See Swierkiewicz*, 534 U.S. at 511.

In its reply brief, Infrared presents the new argument that Section 510 of ERISA does not mandate employer benefit programs, especially those similar to that of Infrared and that, thus, ERISA protection would not extend to Drwiega. This argument is waived. A party cannot "circumvent the adversarial process by raising new arguments in [a] reply." *See Parillo v. Commercial Union*

*Insurance Co.*, 85 F.3d 1245, 1250 (7th Cir. 1996); *see also, Petri v. Gatlin*, 997 F.Supp. 956, 977 (N.D. Ill 1997). As such, this Court does not consider, nor rules upon, the merits of such argument.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count III of Drwiega's Amended Complaint is denied.

Dated: June 17, 2004

JOHN W. DARRAH
United States District Judge